IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GUADALUPE ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 6:15-cv-03261-MDH |
| | ) |
| SHRI DWARKESH INVESTMENTS, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 13). Defendant argues Plaintiff's Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Defendant requests attorney fees pursuant to 42 U.S.C. § 12205. Upon review and consideration, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

Plaintiff brings this lawsuit under Title III of the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff alleges she is a resident of Cowley County, Kansas who suffers from cerebral palsy, uses a wheelchair, and qualifies as an individual with a disability within the meaning of the ADA. Plaintiff claims she was discriminated against on the basis of her disability when she attempted to stay at Defendant's America's Best Hotel in Branson, Missouri on June 3, 2014 but was denied access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations offered by Defendant due to certain architectural barriers for persons in wheelchairs including but not limited to: lack of a pool lift, an excessive threshold at the entrance to the hotel room, improper doorknobs on the

hotel room door, an excessive cross slope in relation to the designated accessible parking spaces, and a lack of accessible tables and counters in the lobby breakfast area. Plaintiff alleges she frequently returns to the Branson area because she has family that lives in the area and she planned to return to Defendant's hotel in August of 2015 but for the barriers in existence that deter her from doing so; she alleges that she "is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA." Plaintiff seeks declaratory relief, injunctive relief, and attorney fees.

Defendant moves to dismiss Plaintiff's Amended Complaint on grounds that Plaintiff lacks standing and the Court lacks subject matter jurisdiction. Defendant argues Plaintiff cannot satisfy the standing requirement of injury-in-fact because Plaintiff has not established a likelihood of future injury. Defendant cites the four-factor test employed by Judge Dorr in *Steelman v. Rib Crib No. 18*, No. 11-3433-CV-S-RED, 2012 WL 4026686, at *2 (W.D. Mo. Sept. 12, 2012), which considers: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant." *Id.* at *2. Upon analysis of the above factors, Defendant concludes: "Plaintiff has failed to demonstrate a likelihood of injury in fact and her Complaint should be dismissed for lack of standing."

Plaintiff argues that she has sufficiently pleaded and proven injury-in-fact based on her prior visit to Defendant's hotel wherein she allegedly suffered discrimination and her stated desire and plan to return to Defendant's hotel in the future but for the discriminatory barriers in existence. Plaintiff argues the above allegations are sufficient to establish a real and immediate threat of future harm under Title III of the ADA. Applying the *Steelman* factors cited by

2

Defendant, Plaintiff argues the first factor is less important where the defendant is a hotel, i.e. a place that by its nature is generally not near one's residence, and that the second factor is not determinative because a disabled person is not required to engage in the futile gesture of attempting to stay or enter a place of public accommodation that she knows is not accessible, *see* 42 U.S.C. § 12188(a)(1). Plaintiff argues the allegations in her Amended Complaint are sufficient to satisfy the latter two factors of the *Steelman* test. Plaintiff further attached an affidavit to her suggestions in opposition wherein Plaintiff states that she visits family and friends in the Branson, Missouri area two to three times per year and that she, in fact, returned to the Branson area twice since her visit to Defendant's America's Best Hotel in June 3, 2014 – specifically, on April 17-19, 2015 and August 13-17, 2015. Plaintiff states in her affidavit that "I would like to return to the America's Best hotel but barriers restrict me from visiting there. It would be a futile gesture to go there until it is brought into compliance with the ADA, unless I want to be discriminated against. . . . I would certainly like to stay at the hotel when I am in town, but I have no desire to suffer further discrimination."

## STANDARD

"Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). A plaintiff's standing is a threshold question in every case that affects the court's power to hear the suit. *Id.* "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). An injury-in-fact

exists where the plaintiff has sustained or is in immediate danger of sustaining a concrete and particularized harm that is "'actual or imminent, not conjectural or hypothetical.'" *See id.*

"In order to properly dismiss [a case] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court "restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* In a factual attack, "the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* Dismissal is appropriate in such cases where, upon weighing the evidence, the court is not satisfied that the plaintiff has, in fact, proved jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## DISCUSSION

To establish standing to seek equitable relief under Title III of the ADA, Plaintiff must have a concrete, particularized, and credible plan to return to America's Best Hotel for use of its accommodations. *See Steger*, 228 F.3d at 892. The Eighth Circuit has stated that "[a]lthough [the plaintiff] need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, *see* 42 U.S.C. § 12188(a)(1), [the plaintiff] must at least prove knowledge of the barriers and that [she] would visit the building in the

4

imminent future but for those barriers." *Id.* However, a mere intention to return to the place of injury "some day" is insufficient. *Id.* (citing *Lujan*, 504 U.S. at 564, 112 S.Ct. 2130).

Here, Plaintiff has sufficiently established injury-in-fact and standing to bring suit. Plaintiff alleges she was subjected to discrimination on the basis of disability when she attempted to stay at Defendant's America's Best Hotel on June 3, 2014 due to certain barriers and that Defendant has failed to remove those barriers or make necessary modifications as required by law. Plaintiff alleges she has family that lives near Branson, Missouri and that she frequently returns to the area to visit. She specifically alleged in the Amended Complaint that she planned to return to the property in August of 2015. Plaintiff's affidavit bolsters her complaint allegations by explaining that Plaintiff visits family and friends near Branson, Missouri approximately two to three times per year and indicating that she did, in fact, return to Branson in April and August of 2015. Plaintiff alleged in her complaint and stated in her affidavit that she desires to stay at Defendant's hotel in Branson and, but for the discriminatory barriers cited in her Amended Complaint, she would stay at that hotel. These allegations and Plaintiff's affidavit sufficiently establish that Plaintiff had knowledge of the alleged barriers at Defendant's hotel and that Plaintiff would visit the hotel in the imminent future but for those barriers. Other cases have held that similar allegations related to Title III claims involving hotels are sufficient to establish a concrete, particularized, and imminent threat of injury-in-fact. *See, e.g., Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074-75 (7th Cir. 2013); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037-38 (9th Cir. 2008); *Betancourt v. 2 Combs Enterprises, Inc.*, No. 10-3364-CV-S-MJW, 2011 WL 846849, at *2 (W.D. Mo. Mar. 8, 2011).

5

Defendant raises a factual challenge to Plaintiff's complaint but Defendant cites no factual evidence to contest Plaintiff's allegations and statements made under penalty of perjury. Rather, Defendant argues that Plaintiff's "extensive litigation history" involving numerous other Title III lawsuits discounts the credibility of her statements. To support this assertion, Defendant cites to *Steelman*, which appears to cite to a line of cases stemming from district courts in Florida. Federal appellate case law makes clear, however, that "tester" status does not deprive a plaintiff of standing under Title III of the ADA. *See, e.g., Colorado Cross Disability Coal v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008); *see also Steelman v. City of Salem*, No. 4:12-CV-00191, 2013 WL 1363792, at *4 (E.D. Mo. Apr. 4, 2013); *Betancourt v. 2 Combs Enterprises, Inc.*, No. 10-3364-CV-S-MJW, 2011 WL 846849, at *3 (W.D. Mo. Mar. 8, 2011). As the Eighth Circuit and other appellate courts have recognized, private litigation serves as an important means to enforce the public policy behind civil rights statutes such as the ADA and serial litigants serve a valuable purpose as private attorneys generals ensuring that the ADA yields its promises of equal access to disabled persons. *See Shaver v. Indep. Stave Co.*, 350 F.3d 716, 724-25 (8th Cir. 2003) (citing *Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 299 (7th Cir. 2000); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007); *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999). Therefore, the Court will not deprive Plaintiff of standing or find her statements non-credible solely because she is a serial litigant.

The Court further notes that the *Steelman* factors cited by Defendant merely serve as a "guide" to determining whether the Plaintiff has sufficiently pleaded the likelihood of future injury, *see Steelman*, 2012 WL 4026686, at *2, and the list of factors cited therein is not exhaustive. Moreover, the test has not been uniformly adopted by district courts within the Eighth Circuit. *See Miller v. Ataractic Inv. Co., LLC*, No. 11-03509-CV-DGK, 2012 WL 2862883, at *3-4 (W.D. Mo. July 11, 2012). Even applying the factors cited in *Steelman*, the Court finds those factors, in their totality, show Plaintiff is sufficiently likely to return to Defendant's hotel. The Court agrees with Plaintiff that the proximity of the place of public accommodation to one's residence is less important where the place of public accommodation is a hotel. Additionally, the Court further agrees with Plaintiff that the factor relating to past patronage is not determinative because a disabled person is not expected or required under the ADA to continue to stay, or attempt to stay, at a place of public accommodation that he or she knows is not accessible. Defendant here does not argue or present evidence that the alleged barriers have been removed or remedied since Plaintiff's stay in June of 2014. As to the third factor, Plaintiff alleged she had a definite plan to return to the hotel in August of 2015 but for the alleged barriers and Defendant presented no evidence to rebut Plaintiff's alleged plan. Furthermore, per Plaintiff, Plaintiff did, in fact, return to the Branson area from August 13-17, 2015. As to the fourth factor, Plaintiff states that she returns to the Branson area two or three times per year to visit friends and family and she has a desire to stay at Defendant's hotel but for the alleged barriers. These allegations and statements by Plaintiff are sufficient to satisfy the factors cited in *Steelman* at this time. *See, e.g., Betancourt v. 2 Combs Enterprises, Inc.*, No.

7

10-3364-CV-S-MJW, 2011 WL 846849, at *2 (W.D. Mo. Mar. 8, 2011) (applying factors to hotel case with same plaintiff and analogous facts).

In sum, Plaintiff has sufficiently established injury-in-fact to confer standing. Should Defendant present evidence rebutting Plaintiff's allegations of her intent to return to the property or the Branson area, the Court will revisit the issue of standing at that time.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 13) is hereby **DENIED**.

**IT IS SO ORDERED**.

Date: November 4, 2015

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**